IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN AND SOUTHERN DIVISIONS

NO. 4:12-CR-55-FL-1
NO. 7:22-CR-6-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DEVON MARQUE THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reconsideration of the court's April 28, 2023, order (DE 46, No. 7:22-CR-6-FL-1).

Defendant primarily requests that the court reconsider the April 28 order to the extent the court therein denied defendant's motion to reduce his term of imprisonment in case no. 4:12-CR-55-FL-1. Having fully considered defendant's arguments, the court adheres to its prior analysis and declines reduce defendant's sentence. As explained in that order, any ambiguity in the oral pronouncement of sentence was resolved by the written judgment, and as a result there is no "clerical error" to correct under Fed. R. Crim. P. 36, in this instance. (DE 45 at 2–3); see also United States v. Rogers, 961 F.3d 291, 299 (4th Cir. 2020); United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003).

Defendant also requests that the court correct an alleged clerical error regarding his fine in case no. 4:12-CR-55-FL-1. According to defendant, the Federal Bureau of Prisons is requiring that he pay $25 per quarter to satisfy his financial obligations, and defendant suggests this payment is for the fine in case no. 4:12-CR-55-FL-1. (DE 46 at 2, case no. 7:22-CR-6-FL-1). At the revocation hearing, the court stated that it would "take away [the] fine" imposed as part of

defendant's original sentence. (Hr'g Tr. (DE 86) at 24, No. 4:12-CR-55-FL-1). And the revocation judgment provides: "It is . . . ordered that the balance of the financial imposition originally imposed be cancelled." (DE 83, No. 4:12-CR-55-FL-1). Accordingly, the revocation judgment reflects the correct oral pronouncement of the sentence, and again there is no clerical error in need of correction. The Federal Bureau of Prisons should not be requiring additional payments on defendant's fine from case no. 4:12-CR-55-FL-1. The court, however, imposed a special assessment of $100 in defendant's new criminal case (DE 40, No. 7:22-CR-6-FL), which may be the financial obligation the FBOP is attempting to collect through the financial responsibility program.

In any event, to the extent defendant is challenging the FBOP's execution of his sentence (such as the payment schedule for a fine), the proper vehicle for such challenges is a habeas corpus petition under 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 2000) (en banc); see also Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005). Before filing such a petition, however, defendant must exhaust alternative remedies by presenting his challenge to FBOP officials and exhausting all administrative remedies. Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010). In addition, § 2241 petitions should be filed in the inmate's district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). If defendant remains incarcerated at FCC-Butner, any future § 2241 petition may be filed in this court.

Based on the foregoing, defendant's motion for reconsideration (DE 46) is DENIED. The clerk is DIRECTED to docket this order in case nos. 4:12-CR-55-FL-1 and 7:22-CR-6-FL-1 (resolving DE 46).

2

Case 7:22-cr-00006-FL   Document 47   Filed 07/26/23   Page 2 of 3

SO ORDERED, this the 26th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge